IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No.: 4:17-CR-158-A |
| | § | |
| MICHAEL RUDDELL | § | |

## DEFENDANT RUDDELL'S MOTION FOR DOWNWARD VARIANCE AND BRIEF IN SUPPORT

To the Honorable John H. McBryde:

COMES NOW, the Defendant, Michael Ruddell, by and through the undersigned counsel of record, and hereby moves the Honorable Court for a downward variance from the sentencing guidelines. Specifically, he requests the Court to consider, as a basis for downward variance, the following:

1. Mr. Ruddell has a significant drug addiction.

### I. Michael Ruddell

The Defendant pled guilty to one count of Conspiracy to Possess With Intent to Distribute a Controlled Substance under 21 U.S.C. § 846, 841(a)(1) & (b)(1)(B). On the basis of his guideline calculation, the PSR recommends a term of 70-87 months imprisonment. [PSR, π 75]

Mr. Ruddell is a 35 year-old man who at one time owned his own computer business and currently spends time tutoring inmates at FMC-JU and working in the library. [PSR, π 63]. Unfortunately, he has a severe drug addiction.

Specifically, he reports significant methamphetamine abuse. [PSR, ¶ 58] He tried LSD for the first time at age 16 and relapsed to a significant methamphetamine habit where he was "snorting methamphetamine daily, at the rate of .2 to .3 grams per day." [PSR, ¶ 58] He is aware of his need for treatment and requests such from the Court and Bureau of Prisons.

## II. Downward Variance Factors

An addiction to drugs has been also recognized as a mitigating factor, which the district court may take into consideration regarding the defendant's culpability. *U.S. v. Garcia*, 497 F.3d 964 (9th Cir. 2007) (where defendant was convicted of drug conspiracy and sentenced to over 100 years, sentence vacated in part because district judge erred in holding it had no power to consider the defendant's drug addiction and resulting mental impairment as a mitigating factor under 18 U.S.C. § 3553(a)).

## III. Argument

When examining the history and characteristics of Ms. Ruddell under § 3553(a) it becomes quickly apparent he has a drug addiction, and did so during the commission of this offense. While not an excuse, this offense appears to be connected to that addiction. On this basis, a sentence beneath the Guidelines is warranted under 3553(a).

## IV. Requested Relief

Mr. Ruddell did in fact commit the instant offense and is likely to receive a substantial sentence even if this motion is granted. However, the guideline range is larger

than is necessary to rehabilitate this defendant given his addiction to drugs. Hopefully these factors lead to the conclusion that a guideline sentence exceeds what is necessary to accomplish § 3553(a) factors and that downward variance would be justified.

Respectfully submitted,

Steven Jumes
Texas Bar No.  00796854
Varghese Summersett
300 Throckmorton, Ste. 1650
Fort Worth, Tx 76102
(T) (817) 203-2220
(F) (817) 203-2220
steve@versustexas.com

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he sent a copy of the above and foregoing Defendant Ruddell's Motion for Downward Variance and Brief in Support to Assistant United States Attorney Shawn Smith via email on December 11, 2017. Mr. Smith is opposed to the relief requested.

Steven Jumes

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing Defendant Ruddell's Motion for Downward Variance and Brief in Support was served on Assistant United States Attorney Shawn Smith and on United States Probation Officer Molly Mouret via hand delivery this 11th day of December 2017.

Steven Jumes